**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0838-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LESLIE KNIGHT a/k/a,
LESLIE M. PENNINGTON,

     Defendant-Appellant.

_____

Submitted March 22, 2021 – Decided April 26, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 15-08-0569.

Fusco & Macaluso, PC, attorneys for appellant (Giovanna Giampa, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Leslie Knight appeals the August 27, 2019 order denying her motion to withdraw her guilty plea. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

We briefly summarize the relevant facts and procedural history. Defendant and her co-defendant James Abney, Plainfield police officers, were indicted by a Union County Grand Jury. Defendant was indicted on four counts of official misconduct, three counts of third-degree theft by deception, twelve counts of fourth-degree theft by deception, and single counts of tampering with public records, falsifying records, computer theft, as well as second, third, and fourth-degree conspiracy.

The State agreed to amend count four of the indictment, which charged defendant with theft by deception, and she pled guilty to disorderly conduct in violation of N.J.S.A. 2C:33-2(a)(2), a petty disorderly persons offense. Defendant agreed to forfeit her public employment as a police officer and pay $1530 in restitution.

Co-defendant Abney's motion to dismiss the indictment against him was granted. Defendant subsequently moved to withdraw her guilty plea. In a written opinion, the motion judge, who had accepted defendant's guilty plea and decided pre-trial motions, also denied defendant's application to withdraw her

A-0838-19

guilty plea, finding that defendant failed to satisfy any of the prongs required by State v. Slater, 198 N.J. 145, 157-58 (2009). Defendant was sentenced to restitution and various mandatory fines and penalties, and she forfeited her position as a police officer. She appealed.

During her allocution, defendant answered questions from her counsel and the court, demonstrating her knowing, voluntary, and intelligent waiver of the right to a jury trial. Defendant acknowledged the terms of the proposed plea deal, and she testified to improperly submitting multiple overtime pay "slips" or vouchers to her public employer for off-duty security work she did not perform. Neither counsel nor the court elicited testimony from defendant linking her conduct to the elements of N.J.S.A. 2C:33-2(a)(2), disorderly conduct. The trial court accepted defendant's plea, denied her motion to withdraw, and imposed the recommended sentence. On appeal defendant argues the following:

POINT ONE

> THE COURT SHOULD REVERSE MS. KNIGHT'S FINAL JUDGMENT OF CONVICTION, AND FURTHER REVERSE THE DENIAL OF MS. KNIGHT'S MOTION TO RETRACT HER GUILTY PLEA, AS MS. KNIGHT OFFERED A PLAUSIBLE BASIS FOR THE REQUEST AND ASSERTED A NEW DEFENSE PRIOR TO SENTENCING.

A-0838-19

After reviewing the appellate record, we asked counsel to address whether defendant provided an adequate factual basis for the offense of disorderly conduct, pursuant to N.J.S.A. 2C:33-2(a)(2). We noted in our letter that the issue was not addressed at any point in the proceedings, nor was it raised on appeal. The State promptly conceded that defendant did not provide an adequate factual basis for the offense.

"The standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015) (citation omitted). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Ibid. at 404. The defendant's appeal of the denial of her motion to withdraw is premised on other arguments. Neither party raised the inadequacy of defendant's factual admissions on appeal. We need not perform a Slater analysis where the factual basis for defendant's guilty plea has not been established in the record. See State v. Gorman, 454 N.J. Super 343, 347 n.2 (App. Div. 2018). "In short, if a factual basis has not been given to support a guilty plea, the analysis ends and the plea must be vacated." Tate, 220 N.J. at 404.

A-0838-19

The record before us does not contain an adequate factual basis to support defendant's conviction of disorderly conduct, pursuant to N.J.S.A. 2C:33-2(a)(2).

We reverse the order denying defendant's motion to withdraw her guilty plea and vacate the judgment of conviction. We remand to the Law Division for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0838-19